IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PW EAGLE, INC., a Minnesota Corporation, and WILLIAM SPELL, <br><br> Plaintiffs, <br><br> vs. <br><br> RICHARD SCHNASE, SCHNASE SALES COMPANY, L.L.C., a Nebraska Limited Liability Company, and PATRICK MERTENS,[1] <br><br> Defendants. | Case No. 8:05CV83 <br><br><br><br><br> **MEMORANDUM AND ORDER** |

This is a fascinating commercial case involving a defamation claim, a claim of interference with prospective economic advantage, and a claim of common-law unfair competition. Oversimplified, the second amended complaint (filing 7) asserts that the internet was used anonymously by the defendants to defame and harm the plaintiffs and their business.[2] The defendants are allegedly competitors of the plaintiffs.

The case was first filed in Minnesota. On venue grounds, it was later transferred to Nebraska.[3] When initially filed, the plaintiffs asserted they did not know the identity of the defendants since the defendants used pseudonyms and posted

---

[1] Mr. Mertens was voluntarily dismissed by the plaintiffs before he was required to answer. (Filings 24, 25.)

[2] PW Eagle, Inc., and Spell bring defamation claims. By itself, PW Eagle, Inc., brings the other two claims.

[3] The defendants' domicile is Nebraska. PW Eagle, Inc., is a Minnesota corporation with its principal place of business in Oregon. William Spell is a Minnesota resident.

their harmful messages on an internet message board maintained by Yahoo!, an internet service provider. (Filing 1 ¶¶ 4, 7.[4]) Using the third-party discovery process, the plaintiffs claim they learned the names of the defendants only after they filed this suit.[5]

Richard Schnase and Schnase Sales Company L.L.C. (Schnase Sales) move to dismiss or for summary judgment. I will deny the motion.

Next, I take a moment to remind (and gently chide) the able lawyers for both sides about how they should file evidentiary materials in support of or in opposition to motions. I will also briefly give more substantive reasons why I deny the motion.

### *Evidentiary Documents Must Be Properly Authenticated and Filed As Required by Our Rules or There May Be Hell to Pay*

The United States District Court for the District of Nebraska is a leader in the filing of cases using an electronic filing system. This system is intended to be user-friendly, and it is designed to assist the court and counsel in expeditiously handling a very large caseload.[6] As a result, we must insist that lawyers pay attention to our rules and procedures.

---

[4]Because this case was transferred, the records do not show when the complaint was filed in Minnesota. The complaint is dated May 5, 2004. (Filing 1, at 8.)

[5]The suit was brought against "John Does 1 through 4." (Filing 1.)

[6]Our caseload is one of the heaviest in the nation. Based upon the most recent data, Nebraska's weighted filings (measuring the difficulty and number of both civil and criminal cases) place it 5th in the nation. Its criminal filings place Nebraska 6th in the nation. In terms of total filings per judge (without regard to difficulty), Nebraska ranks 12th in the nation.

Richard Schnase and Schnase Sales have submitted an evidence index (filing 43) that contains a copy of a settlement agreement. (Filing 43, Ex. 1.) The agreement purports to involve a settlement between the plaintiffs, Patrick Mertens, Centennial Plastics, LLC, a Nebraska limited liability company, and David Schnase. The copy of the settlement agreement does not contain signatures for the plaintiffs. Although the evidence index also contains an affidavit of Richard Schnase (filing 43, ex. 2) that attempts to show how he and the corporate defendant are protected under the settlement agreement, the affidavit does not authenticate the agreement.

The local rules require that documents used as evidence to support or oppose a motion must be authenticated by affidavit. NECivR 7.1 & 56.1. In the case of evidence submitted in support of a motion, "[a]ny documents filed with the index must be identified and authenticated by affidavit. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated therein, and identify the motion in connection with which the affidavit is filed." NECivR 7.1(a)(2)(C). NECivR 7.1 also cautions that "a party who fails to observe the requirements of this rule may be deemed to have abandoned in whole or in part that party's position on the pending motion."

The copy of the settlement agreement tendered by the defendants was not submitted in accordance with our rules. It was not authenticated by a competent witness with personal knowledge who has submitted an affidavit under oath attesting to such facts.[7] Specifically, there is no explanation (admissible or otherwise) as to why an incompletely signed copy should be relied upon as authenticated.

---

[7]The defendants, Richard Schnase and Schnase Sales, are not mentioned as signatories to the agreement in the unsigned copy relied upon by the defendants.

These rules are not rules of form, but relate to the substance of motions. Therefore, I will enforce the rules against the defendants; that is, I refuse to consider the copy of the settlement agreement because defendants' counsel did not comply with the rules regarding the authentication of the settlement agreement.[8] Counsel should know that we are serious about these rules.  See, e.g., Cordray v. 135-80 Travel Plaza, Inc., 356 F. Supp. 2d 1011, 1015 (D. Neb. 2005) (granting summary judgment and deciding in part that the plaintiff's failure to follow the authentication rules rendered the defendant's statement of facts uncontested).

The plaintiffs have likewise failed to comply with the rules. In addition to their failure to file an evidence index, the affidavit of William Spell was submitted with only an "s/" signature for Mr. Spell and without any signature for the notary public. NECivR 7.1(b)(2)(B) requires the filing of an index. That rule also requires that the "filing of evidence in opposition to a motion shall be governed by Administrative Procedure IV.B." Id.

Administrative Procedure IV.B generally requires that evidence with regard to a motion be filed electronically and also "scanned." Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers By Electronic Means in the United States District Court for the District of Nebraska IV.B.2.[9] The procedures make clear what "scanning" means when the document requires a signature; that is, if "the original document requires the signature of a non-attorney, the filing party or the Clerk's Office shall scan the original document, then electronically file it on the

---

[8] As I point out in a moment, this ruling does not matter much since the settlement agreement, even if authenticated, does not bar this suit against these defendants.

[9] These procedures may undergo revision from time to time, but, like the local rules, a current version will always be available on the court's web site. See http://www.ned.uscourts.gov/localrules/index.html.

System." Id. Rule II.C.1 (pertaining to documents requiring the signature of a non-attorney). In short, this means that the signatures of the affiant and the notary must appear in a scanned and filed affidavit.

Thus, the plaintiffs violated our rules in two ways. First, they filed no evidence index. Second, the affidavit which was filed did not contain the scanned signature of Mr. Spell or the notary public. I therefore refuse to consider the affidavit of Mr. Spell in opposition to the motion.

In summary, I caution the lawyers. Read the rules. Read the procedures. Follow the rules. Follow the procedures. Particularly when it comes to motions requiring evidentiary submissions, if you fail to comply with the rules and procedures, you can hurt your client. At the very least, you will seriously annoy me.

### *A "Bullet Point" Explanation of Why I Dumped the Motion*

I shall deny the motion[10] for the following additional reasons:

\*   Even if authenticated, the settlement agreement by its own terms relates only to liability for "Posts" from "pipeguy 59715." (Filing 43, Ex. 1 (paragraph "Witnesseth").) It cannot therefore be enforced against the plaintiffs for "posts" by others (such as the defendants). Thus, the defendants have no protection under the agreement.

\*   Regarding the defamation claim, the defendants' statute-of-limitations arguments assume that Nebraska law applies, but fail to cite any

---

[10]This is not to state that a clearly focused, factually supported, and thoughtfully briefed motion for summary judgment would be inappropriate after the parties have engaged in the necessary discovery.

>   reasoning or authority for that position. As the plaintiffs point out, this is a difficult question particularly as it regards Mr. Spell. In short, the question requires much more careful analysis. Having given me no authority for their assumption, I decline to do the defendants' work for them. The same thing is true for the defendants' argument about whether the statements are actionable under Nebraska law, the applicability of the malice standard under Nebraska law, or the applicability of Nebraska's retraction statute.[11]
>
> \*    Regarding the defamation claim and the defendants' assertion that the statements are protected under the First Amendment because they are opinions, the parties have given me no context in which to judge the statements.[12] Thus, even if it is ultimately up to me as a question of law to judge whether the First Amendment protects the utterances, I cannot do so unless I have the context in which the statements were made.[13] See, e.g., Janklow v. Newsweek, Inc., 788 F.2d 1300, 1302-03 (8th

---

[11] A number of related but subsidiary questions also arise. For example, no matter what law applies, is the relevant statute of limitations stayed, extended, or tolled by the anonymous character of the statements? Furthermore, even if recovery for some of the statements might be barred by a statute of limitations, are those statements nevertheless admissible in evidence regarding the non-barred statements to show such things as absence of mistake or malice? Still further, do retraction statutes that require an injured party to request a correction apply to cases involving anonymous statements made on an internet posting board maintained by an internet service provider?

[12] The affidavit filed by the defendants tells me nothing about the statements or their context. (Filing 43, Ex. 2.) Indeed, the defendants have not even admitted that the statements were made.

[13] First Amendment questions aside, knowledge of the context of the statements would also be helpful when deciding whether the statements are actionable under whatever state law applies.

        Cir.), cert. denied, 479 U.S. 883 (1986) (affirming grant of summary judgment; holding that when deciding whether a statement is one of opinion, absolutely protected by the First Amendment, or one of fact, trial court must consider various factors, no one of which is dispositive: precision and specificity of statement; verifiability of statement; literary context in which statement was made, including tone and use of cautionary language; and public context in which statement was made, including whether statement concerned public or private figures). This context typically requires a good deal of discovery because "ultimately the decision whether a statement is fact or opinion must be based on all the circumstances." Id. at 1302. See also Price v. Viking Penguin, Inc., 881 F.2d 1426, 1429 (8th Cir. 1989) (affirming grant of summary judgment in favor of defendant, but only after "extensive . . . discovery surrounding the historical facts"), cert. denied, 493 U.S. 1036 (1990). Since I do not have "all the circumstances," I am in no position to make the "fact" versus "opinion" call.

\*        If Nebraska law applies to PW Eagle's claim of interference with a prospective economic advantage, as the defendants assume, the second amended complaint is sufficient to withstand a motion to dismiss. See, e.g., Macke v. Pierce, 661 N.W.2d 313, 317 (Neb. 2003) (in the context of disclosure of a physical examination to a prospective employer, the court, under a heading entitled "Tortious Interference With Business Expectancy: Unjustified Interference[,]" proceeded "to set forth the elements of a cause of action for tortious interference with a business relationship or expectancy"). Furthermore, I do not understand the defendants to seek summary judgment on this claim, for they have filed no evidence which would allow me to grant such a motion.

\*      If, as the defendants assume, Nebraska law applies, the second amended complaint adequately alleges an unfair competition claim, particularly under the notice pleading rules applicable in federal court. See Raad v. Wal-Mart Stores, Inc., 13 F. Supp. 2d 1003 (D. Neb. 1998) (discussing a suit between merchants regarding "unfair" or "deceptive" practices and the broad character of such claims under Nebraska law).[14] Once again, I do not understand the defendants to seek summary judgment on this claim, for they have filed no evidence which would allow me to grant such a motion.

IT IS ORDERED that the amended motion (filing 42) to dismiss or for summary judgment submitted by the defendants is denied.

July 14, 2005.                               BY THE COURT:

                                             *s/Richard G. Kopf*
                                             United States District Judge

---

[14]PW Eagle, Inc., should note, however, that if Nebraska law applies and if PW Eagle relies upon Neb. Rev. Stat. § 59-1602 (West 2005 ) (prohibiting, in part, "unfair . . . practices in the conduct of any trade or commerce"), then this claim would be tried to the court and not the jury. Raad, 13 F. Supp. 2d at 1004. At the appropriate time, and if Nebraska law is found to apply, PW Eagle, Inc., would be well-advised to clarify the basis of its claim.